# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

NAYA-MONET SEMBE,      )
          )
      Appellant,      )
          )
      v.      )      C.A. No. N24A-07-003 KMV
          )
UNEMPLOYMENT INSURANCE      )
APPEAL BOARD,      )
          )
      Appellee.      )

Submitted: January 8, 2024
Decided:  April 8, 2025

## ORDER

*Upon Appeal from a Decision of the*
*Unemployment Insurance Appeal Board*:
**AFFIRMED**

Naya-Monet Sembe; *Pro Se Appellant*.

Matthew B. Frawley, Deputy Attorney General; *Counsel for Appellee*.

**VAVALA, J.**

An unemployment benefits claimant appealed the Unemployment Insurance Appeal Board's decision, which denied her benefits due to a late filing. The claimant asks this Court to award her unemployment benefits based on the merits of her claim. The Court finds no abuse of discretion by the Board in denying the untimely appeal. Accordingly, the Board's decision is **AFFIRMED**.

## I. BACKGROUND

Naya-Monet Sembe, a pharmacy technician, filed a claim for unemployment benefits with the Department of Labor Division of Unemployment Insurance (the "Department").[1] She claimed she was entitled to benefits due to being discharged without cause by her employer, a pharmacy ("Employer"). Claims Deputy David Eber determined Employer did not have "just cause" to discharge Ms. Sembe; thus, she was not disqualified from receiving unemployment benefits ("Claims Deputy's Decision").[2] Employer timely appealed.[3]

A notice was issued to both Employer and Ms. Sembe for a telephonic appeals hearing on May 13, 2024 (the "Hearing").[4] Appeals Referee Ksenija V. Milutinovic certified she mailed notice to Ms. Sembe's address at 2110 W. 7th Street,

---

[1] *See* Docket Item ["D.I."] 4, Record of Unemployment Insurance Appeal Board (No. 100007182498) ["R."] at 52–54 (Apr. 8, 2024 Decision of Claims Deputy).

[2] R. at 44–49.

[3] *Id.* at 45.

[4] *Id.* at 41–42.

Wilmington ("7th Street Address").[5] Despite being duly noticed, Ms. Sembe did not attend the hearing, while a representative of Employer appeared and provided sworn testimony.[6]

Referee issued a decision which modified and reversed the Claims Deputy's Decision based on the facts below.[7] On February 1, 2024, Ms. Sembe reported to work but began behaving insubordinately and muttering under her breath shortly into her shift.[8] Employer warned her that continued insubordination would result in her being asked to leave, but she could stay if he behavior improved.[9] Ms. Sembe then "stormed off."[10] Employer testified her did not discharge her, but assumed she "was having a bad day" and would return.[11] But Ms. Sembe failed to report for the next three shifts.[12] Employer considers an employee's failure to report for three consecutive shifts as a voluntary resignation.[13]

---

[5] *Id.* at 43.

[6] The Transcript of the May 13, 2024 Hearing ["Tr."] is available at R. 15–29.

[7] R. at 35.

[8] *Id.* at 36.

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] R. at 36.

Referee analyzed these facts under 19 *Del. C.* § 3314(2) and concluded Ms. Sembe was not discharged by Employer but voluntarily quit.[14] Referee further found Ms. Sembe "quit without good cause" attributable to her work, disqualifying her from benefits under Section 3314(1):

- Employer did not terminate Ms. Sembe—she abandoned her job;
- Ms. Sembe provided no notice to, nor did she raise any issues with, Employer before leaving;
- Ms. Sembe was not medically advised to quit; and
- Ms. Sembe's unemployment resulted from her own decision.[15]

Further, there was no evidence of a substantial change in working conditions or any unsafe situation that Ms. Sembe attempted to address through available remedies before quitting.[16] Thus, she was deemed to have voluntarily quit for personal reasons without good cause.[17] The Department mailed the Referee's Decision to Ms. Sembe, explaining her appeal rights and specifying the last day to file an appeal

---

[14] *Id.* at 35, 37.

[15] *Id.* at 35, 37–38 ("The Employer did not terminate the Claimant. She effectively abandoned her job. The Claimant did not provide the Employer with any notice or raise any concerning issues to the Employer before abandoning her job. She was not taken out of work or medically advised to quit her job by a physician. The Claimant voluntarily left her employment. The Claimant's unemployment is the result of her own choice and doing. . . . Furthermore, no evidence was offered that there existed a substantial deviation in working conditions from the original agreement of hire to the detriment of the Claimant, nor any undesirable or unsafe situation connected with her employment that the Claimant attempted to rectify first by exhausting all available administrative remedies before leaving her job. As such, the Claimant is deemed to have voluntarily quit for personal reasons and without good cause.").

[16] *Id.* at 38.

[17] *Id.*

4

to the Board was June 1, 2024 (the "Deadline").[18]

Ms. Sembe filed her appeal to the Board on June 6, 2024, listing her 7th Street Address.[19] She emailed the Department, stating she did not receive "the mail" until June 6, was unaware of the May 13 Hearing, and accused her former employer of dishonesty.[20]

Upon review, the Board denied Ms. Sembe's appeal of the Referee's Decision for untimeliness (the "Board Decision").[21] Section 3318(c) mandates that a referee's decision "shall be deemed to be final unless within 15 days after the date of notification or mailing of such decision further appeal [to the Board] is initiated pursuant to § 3320 of this title."[22] The Board found the Referee's Decision was mailed to Ms. Sembe on May 17, 2024, clearly advising her of the Deadline.[23] Because she filed her appeal after this Deadline, the Board concluded it was untimely under the statutory 15-day limit.[24]

The Board further found no "severe circumstances" warranting consideration

---

[18] *Id.* at 40.

[19] *Id.* at 11 (June 6, 2024 Appeal Request Notification).

[20] R. at 12.

[21] *Id.* at 6–8 (June 25, 2024 Board Decision).

[22] *Id.* (quoting 19 *Del. C.* § 3318(c)).

[23] *Id.*

[24] *Id.*

of Ms. Sembe's untimely appeal.[25] She failed to show any administrative error or compelling reasons for an exception in the interests of justice.[26] Consequently, the Board declined to exercise its discretion under Section 3320 and affirmed the Referee's Decision.[27]

Ms. Sembe timely appealed the Board's Decision, citing several grounds: (1) lack of notice of hearing via email or mail; (2) assurances from the Department that someone would contact her; (3) inaccuracies in Employer's representative's statements; and (4) claims of unfair treatment from the start of her employment.[28] In her one-page opening brief, Ms. Sembe argued the merits of her claim, asserting she was not insubordinate and faced unprofessional behavior from her boss.[29] But she failed to address the untimeliness of her appeal.[30] The Board answered timely.[31] Ms. Sembe's Reply Brief was due October 22, 2024.[32] This Court issued a notice of delinquency to Ms. Sembe in December 2024, but no response has been received to

---

[25] *Id.* at 7 (emphasis removed).

[26] R. at 7.

[27] *Id.*

[28] D.I. 1.

[29] D.I. 7.

[30] *Id.*

[31] D.I. 11.

[32] D.I. 6

date. [33] The appeal was referred to the Court on January 8, 2025. [34]

## II.    STANDARD OF REVIEW

Review of the Unemployment Insurance Appeal Board's decisions requires this Court to determine whether the findings and conclusions of the Board are "supported by substantial evidence in the record" and "free from legal error." [35] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." [36] The Court focuses on whether "the evidence is legally adequate to support the [Board's] factual findings"—but the Court's role is not to independently "weigh the evidence, determine credibility questions[,] or make its own factual findings." [37] And the Court will not disturb a discretionary ruling by the Board unless it is "based on clearly unreasonable or capricious grounds" or abuses its discretion by "exceed[ing] the bounds of reason in view of the circumstances or ignor[ing] recognized rules of law so as to produce an

---

[33] D.I. 12, 15.

[34] D.I. 10, 11.

[35] *Berry v. Mayor*, 2021 WL 839081, at *2 (Del. Super. Mar. 4, 2021) (quoting *Unemployment Ins. Appeal Bd. v. Martin*, 431 A.2d 1265, 1266 (Del. 1981)). *See also* 19 Del. C. § 3323(a) ("In any judicial proceeding under this section, the findings of the Unemployment Insurance Appeal Board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to questions of law.").

[36] *Byrd v. Westaff USA, Inc.*, 2011 WL 3275156, at *1 (Del. Super. July 29, 2011) (quoting *Oceanport Indus., Inc.* v. *Wilm. Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994)).

[37] *Robinson v. Del. Pro. Servs., Inc.*, 2021 WL 4485017, at *1 (Del. Super. Sept. 30, 2021) (citations omitted).

injustice."[38]  Questions as to whether the Board erred in formulating or applying the law are reviewed de novo.[39]

## III.   DISCUSSION

### A. The Board did not err as a matter of law or abuse its discretion in denying Ms. Sembe's appeal as untimely.

Under 19 *Del. C.* § 3318(c), an appeal of a department referee's decision must be filed within 15 days of the date of notification or mailing.[40]  Here, substantial evidence supports the Board's finding that the Department mailed the Referee's Decision to Ms. Sembe on May 17, 2024 to her last known address on 7th Street.[41]  The Decision instructed it would become final unless appealed within 15 days, with the Deadline being June 1, 2024.[42]  That due date conforms with the statutory deadline set forth in Section 3318(c).[43]  Because June 1 was a Saturday, the Deadline extended to Monday, June 3, 2024.  Yet Ms. Sembe did not file an appeal until June

---

[38] *Pumphrey v. Allen Harim Foods*, 2019 WL 4034292, at *2 (Del. Super. Aug. 26, 2019) (citations omitted).

[39] *Robinson*, 2021 WL 4485017, at *1 (citations omitted).

[40] 19 *Del. C.* § 3318(c) ("The parties shall be duly notified of the [appeals] tribunal's decision, together with its reason therefor, which shall be deemed to be final unless within 15 days after such tribunal's decision was mailed to the parties' last known addresses or otherwise delivered by the tribunal to the parties further appeal is initiated pursuant to § 3320 of this title.").

[41] R. at 40.

[42] *Id.* at 40.

[43] *See supra* n. 40.

6, 2024.[44]

Thus, the Board's determination that her appeal was untimely under Section 3318(c) is supported by substantial evidence.

### B. The Board did not abuse its discretion in declining to consider Ms. Sembe's appeal.

Under Section 3318(c), the deadline for filing an appeal is jurisdictional, meaning failure to meet this statutory requirement prevents the Board from accepting an appeal."[45] Although the Board may under Section 3320 consider an untimely appeal, it has broad discretion in determining whether to do so. Such a decision by the Board necessitates "severe circumstances," such as administrative error or a compelling need for justice.[46]

The Board chose not to exercise its discretion for Ms. Sembe's appeal, finding no evidence of departmental error that prevented her timely filing.[47] The record evinces Ms. Sembe was properly notified of the Referee's Decision, and the delay in her appeal was not due to any error by the Department.[48] Substantial evidence in

---

[44] R. at 11–12.

[45] *Berry*, 2021 WL 839081, at *2 (citation omitted).

[46] *Funk v. Unemployment Ins. Appeal Bd.,* 591 A.2d 222, 225 (Del. 1991) (holding the Board may act voluntarily beyond the ten-day period to consider a case where a valid appeal has not been filed by the parties); *Pumphrey*, 2019 WL 4034292, at *2 (citations omitted) (same). *See Berry*, 2021 WL 839081, at *2 (citing *Funk*, 591 A.2d at 225–26).

[47] R. at 6.

[48] *Id.* at 6–7.

the record supports the Board's findings. Despite Ms. Sembe's contentions of not receiving notices [49] the Department certified it mailed them to her 7th Street Address—her last known address which she has consistently used.[50] There is no evidence that Ms. Sembe failed to receive mail at that address.

In sum, aside from Ms. Sembe's unsupported claims, there is no evidence of administrative error. The Court finds the Board did not abuse its discretion in determining no "severe circumstances" warranted considering Ms. Sembe's untimely appeal.

Ms. Sembe also failed to show that the interests of justice required consideration of her late appeal. The Referee found that Ms. Sembe voluntarily quit.[51] Further, the Referee found Ms. Sembe "quit without good cause attributable to her work" and was, therefore, disqualified from receiving benefits under 19 Del. C. § 3314(1). [52] Sure, Ms. Sembe contends the Employer lied at the Hearing, but her own account confirms she left the job voluntarily.

First, it is undisputed Ms. Sembe walked off the job. Employer asserts she stormed off after being insubordinate, while Ms. Sembe contends she left after being "belittled" and told to "collect her belongings" by a former boss. Still, she left the

---

[49] D.I. 1.

[50] *Compare* D.I. 1, *with* R. 54.

[51] R. at 35, 37.

job site of her own accord. Second, there is no written evidence indicating Employer discharged her. Finally, although Ms. Sembe alleges ongoing belittlement, she provides no evidence of seeking administrative remedies before abruptly leaving mid-shift.

Even if Ms. Sembe's accusations are accepted as true, they fail to challenge the Referee's findings.[53] There is no evidence of "a substantial deviation in working conditions from the original agreement of hire to [her] detriment" or "any undesirable or unsafe situation connected with her employment" that she attempted to address through available remedies before leaving. Even if the Board had considered the merits, it likely would have affirmed the Referee's Decision. Thus, the interests of justice did not require the Board to override the statutory timeliness requirement to consider Ms. Sembe's appeal.

Given Ms. Sembe's unsupported claims, this Court finds substantial evidence in the record supporting the Board's conclusion that she failed to establish either an administrative error by the Department or a compelling reason for the Board to consider her untimely appeal.

---

[53] *Id.* at 38.

## IV. CONCLUSION

The Board's determination that Ms. Sembe failed to file her appeal within the statutory deadline is supported by substantial evidence.  And the Board did not abuse its discretion in refusing to consider her untimely appeal.  Thus, the Board's Decision is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ *Kathleen M. Vavala*
The Honorable Kathleen M. Vavala